Ms. Clark, will you call the next case, please? 3-12-0791, Appel Savings Bank v. Johnson This is the 10th chance I've had to play by the card. Ms. Crawl? May it please the Court, Counsel, good morning, Your Honors. I am honored and privileged to have the opportunity to address this Court. My name is Margaret Crawl, and I represent Mr. Johnson, the defendant in the Mortgage Foreclosure Action Appeals Firm hearing. The issue before the Court is whether Mr. Johnson had access to justice. We submit that in light of the procedural deficiencies in this case, there was an unconscionable denial of the opportunity for justice, and where there is no opportunity for justice, there is no access to justice, and therefore, no justice. This is a case of statutory interpretation. The Appellate Court reviews questions of statutory interpretation. De novo, the start of any statutory interpretation issue is by looking at the language of the statute itself. This case is proceeding both under the Illinois Mortgage Foreclosure Law and under the Illinois Rules of Civil Procedure. The clear and unambiguous language of the Illinois Rules of Civil Procedure and the Illinois Mortgage Foreclosure Act provide for specific pleading and notice requirements. The notice and pleading requirements of the Rules of Civil Procedure and the Illinois Mortgage Foreclosure Law are designed to protect the rights of the defendants. The more stringent Illinois Mortgage Foreclosure Law specifically protects the defendant's rights when the underlying issue is a substantive right, the taking of a property. In the present case, there are multiple issues. I will focus on what I believe to be the two dispository issues. The two dispositive questions before the court are whether the entry of the default judgment was proper, we submit it was not, and whether a court and plaintiff can proceed through the Illinois Mortgage Foreclosure process where no evidence of the indebtedness, no notes are attached to the complaint or otherwise presented. We submit they cannot. The first question before the court is whether the entry of the default judgment was proper. In the present case, the default judgment was entered at a status on the court's own motion. The defendant was present in court, a pleading was sent pursuant to the prior court order, and a response had been prepared by the plaintiff. The defendant was not in default. At the previous court date, the defendant was granted 28 days to file an answer or a response of pleading. The response of pleading was sent by mail to be filed and to the plaintiff by facsimile on the 24th day of the briefing schedule. The plaintiff received the pleading on February 8th and prepared a response. The pleading was received by the clerk of the court on the date of the hearing. Further, at the time the plaintiff concedes in his brief that the pleadings were due by February 14th, the date of the hearing. Further, at the time that the default judgment was entered, the complaint was not verified and there were no affidavits on file. The evidence of the indebtedness was not attached to the complaint. No notice, no motion, or no notice of motion for default were sent or filed. There was no proof of service on file, the homeowner notice was not attached to the summons, and the defendant requested leave to file the motion to dismiss in stance. The defendant objected to the entry of the default judgment on the aforementioned grounds. A default judgment is one of the most drastic actions and extreme actions that a court may take. Such actions should not be lightly condoned, nor merely to manage the court's calendar. A default judgment is condoned only as a last resort necessary to give the plaintiff his due. That's under Whittakus v. Southwestern Electric, citing Megan B. Ivey Foster. The IMFL provides that while a default judgment may be had in a mortgage foreclosure matter under Section 1506QD, said judgment must be upon motion under Section 1506Q, and evidence of the indebtedness must be attached under 1504A to 1506QB and Section 606C of the Illinois Rules for Civil Procedure. In the present case, no such motion was presented, and no evidence of the indebtedness was presented. The clear and unambiguous language of both the Illinois Rule of Civil Procedure and the Illinois Mortgage Foreclosure Law require notice, a motion, proof of indebtedness, and proof of service prior to the entry of a default judgment. The court and the plaintiff report that the default judgment was entered as the defendant's pleading the motion to dismiss was not timely filed. The defendant's motion was timely filed. The Supreme Court has recently confirmed in Gruszczyka v. Workers' Compensation Commission that documents mailed to the circuit court within the requisite time period but received thereafter are timely filed, relying on Pekowski in that case. In Gruszczyka, the plaintiff sought review of the commission's decision in the circuit court. The Supreme Court found that the mailbox rule applies to documents filed in the circuit court that are continuations of proceedings but does not apply to pleadings that are the commencement of an action or subject to a statute of limitations. And that's in Gruszczyka, paragraph 22, Your Honors. It's clear that the mailbox rule applies in this case, and the Supreme Court would find that the motion to dismiss was timely filed. A motion to dismiss is a response of pleading to a complaint. Therefore, it is a continuation of an action. In the present case, the motion to dismiss was sent for filing on the 24th day of a 28-day briefing schedule. The plaintiff received the pleading on February 8th and had prepared a reply. Pursuant to Gruszczyka, the time of mailing equates to the time of filing, and therefore the pleading was filed on February 8th well in advance of the court date. Therefore, the court should find that under Gruszczyka, the motion to dismiss was timely filed and the default judgment was entered improperly. Even if the filing was not timely pursuant to the mailbox rule, there is no question that the pleading was on file on February 14th. The plaintiff received the notice by facsimile again, had prepared a reply. There was no prejudice to the plaintiff in any untimeliness of this motion, and the defendant had exercised due diligence. Therefore, to have not reconsidered the granting of the default judgment under the motion to reconsider or under the motion to vacate the default judgment under 1301e was an abuse of discretion and a denial of substantial justice. Under Washington Mutual Bank v. Archer, a review in court should reverse the denial of Section 1301e motion where there is a denial of substantial justice. An abuse of discretion occurs when the court ruling fails to promote substantial justice. That's under Ralph L. Bank and Trust v. Line Pilot Bundy, affirming Vendor v. Carmen's Pizza. In Ralph L., a termination of parental rights was entered where no proof of service of the court, the Supreme Court held that where the authority of the court is governed by statute for the court to act with authority, it must proceed within the confines of that law and has no authority to act except as the law provides. Any action that the court takes that is outside the strictures of the statute is void. Further, in Ralph L., similar to the present case and as discussed in the appellate brief, the plaintiff also failed to provide proper notice of a motion and the court entered a default judgment. The Supreme Court reversed, finding that it was a due process violation to terminate rights in such a slipshod and unfair proceeding. The requirements of notice, hearing, and an opportunity to be heard by an impartial tribunal are central to the preservation of due process rights. In the present case, just as in Ralph L., the court entered the default and then the court closed its mind. The defendant did not have an opportunity to present to this court his case or for the matter to be heard on the merits. Therefore, just as in Ralph L., this honorable court should find that it is a violation of Mr. Johnson's due process rights to terminate his property rights in such a slipshod and unfair proceeding and that the circuit court acted outside the strictures of the statute and that the action taken by the court is therefore void. The second question is whether the court may properly proceed through the entire mortgage foreclosure process under the Illinois Mortgage Foreclosure Law where no evidence of the indebtedness has been presented to the court. The sale of one's property to satisfy his debts is a drastic remedy and the provision of the law under which it is brought must be strictly complied with. Northwestern Division v. Monaghan. Absent evidence of the indebtedness, the court has no basis to enter a judgment of foreclosure as there were no notes attached or presented to this court. To succeed in a breach of contract case, the plaintiff carries the burden to prove the contract. Johnson v. Johnson. Absent a note which shows the specific financial terms of the contract and that the defendant agreed to abide by those terms, the plaintiff has failed to state a cause of action. The judgment and the confirmation of this sale should not be upheld under the Illinois Mortgage Foreclosure Law or the Illinois Rules of Civil Procedure absent a showing of indebtedness. In asserting that a note is not required to be attached to the complaint, the plaintiff relies on SAC v. Leiden. In SAC, unlike the present case, the original note was presented in the court and entered into the evidence. The defendant did not object to the entry of the note into the evidence or the failure to attach to the complaint. In the present case, the defendant has continually objected to the failure to produce any evidence of the note at all. The court and the plaintiff have failed to follow the rules that govern the law of mortgage foreclosure and the rules that govern civil procedure in Illinois. Proper notices have not been given and the pleading requirements of the Illinois Mortgage Foreclosure Law have not been met prior to judgment and sale and therefore prior to the deprivation of a substantive property right. We submit that it is an unconscionable denial of justice to determine that a party may prevail on an issue without ever showing the exact terms and conditions of the agreement as required under Section 606C of the Illinois Rules of Civil Procedure and the General Illinois Mortgage Foreclosure Section 1504A2 and the General Principles of Civil Procedure and Contract Law. As discussed, giving the multiple failings to follow the IMFL pleading and notice requirements, Mr. Johnson was not afforded the protections provided for him by the Illinois Rules of Civil Procedure and the Illinois Mortgage Foreclosure Law. Further, when the court granted the default judgment, it cut off any defenses and did not allow Mr. Johnson the opportunity to respond to the complaint. The defendant was not allowed to file any answer and affirmative defenses to the complaint or to issue discovery. The matter was never truly heard on its merits.  or opportunity for justice required prior to the taking of a property. Therefore, we submit that Mr. Johnson did not have access to justice, an opportunity for justice, was not afforded due process, justice was not done, and the decision of the Circuit Court should therefore be reversed and the matter remanded to allow the case to be heard on its merits. Questions? Thank you, Mr. Cohn. Thank you, Your Honor. Mr. Cohn. Your Honor, may it please the Court. My name is Tim Cohn. I represent Ottawa Savings Bank, a plaintiff in this case on the appellee. Your Honor, in response to the defendant's first issue, we submit that the Court did not abuse its discretion in entering a default order in this case when the defendant failed to file a proper or timely pleading pursuant to the court order. On January 13th, 2012, the defendant was granted 28 days to answer or otherwise plead. Twenty-eight days from January 13th was February 10th. On February 14th, there was a status court date. At that time, the judge, upon realizing that no pleading had been filed, appropriately entered a default order. Was February 10th a weekend? Your Honor, it was not. I believe it was a... Well, the 14th was a Tuesday, so I think it was a Friday. Your Honor, the defendant has argued that the response of pleading was mailed to the court on February 8th and thus the mailbox rule should apply and that the default order should be vacated. The Supreme Court Rule 373 allows for the mailing of the response of pleadings received after the due date. However, the rule also requires the proof of mailing to be filed with the circuit court. This requirement was also stated in the Harrisburg-Raleigh case that I submitted in my brief. The defendant has never filed a notice of filing. There's not even a letter in the record that the circuit clerk received stating, close please find, go ahead and file it. So there's no evidence that the document was mailed on the date that the defendant claims. And the defendant further does not even address the Supreme Court Rule 373 or the Harrisburg case in either of her briefs. The defendant in his reply brief attempts to claim that the plaintiff conceded that the defendant filed his response of the police pleading timely. However, the plaintiff's brief clearly states that the court order of 113.12 required the defendant to file an answer pleading by February 14th, which he did not do. It's not February 14th, it should have been February 10th. However, even if it had been February 14th, the pleading was never filed. The defendant's attorney went ahead and filed the brief, but Judge Heddle denied their motion for leave to file on the 14th. The court stated, my argument or reason for denying your motions today is you have failed to file an affidavit. You have not affirmatively, in my mind, given me any reason to grant your 619 motion, so why should I give you leave to file it and vacate it by default when I'm going to deny it when it happens? That's why I'm denying the motion. Now we'll go on to the second issue that was raised by the defendant's attorney  The defendant's attorney stated the Sketch-Leiden case is directly on point. It's a mortgage foreclosure case. The notes were not attached to the initial petition and the court stated that the complaint adequately informed the defendant of the claim against them and was received into evidence by the court. The defendant has never claimed that this case was improper based on the fact that the defendant did not receive So the Sketch-Leiden case, which is directly on point, states that the notes do not have to be attached to the pleading for the foreclosure to go forward. Further, 735 ILCS 52612B states no pleading is bad in substance, which contains such information as reasonably informs the opposite party of the nature of the claim or defense which she has called upon to meet. Sketch referenced the statute almost verbatim in the case. Now, the citation changed over time, but the wording of the rule is exactly what the Sketch case references. The defendant, again, is never even alleged that the defendant was not adequately informed of the claim against him. So, in summary of those two issues,  because they did not file an appropriate response of pleading within the time they were given.  Was there a motion for default? Prayed for it, a complaint, or filed? Excuse me, Your Honor? Was there a motion for default? Was the default judgment either prayed for or a motion for default filed? There was not, Your Honor. It was based on the court's own motion to enter the default. Based on what? Based on the fact that there was no response of pleading filed in a timely fashion. So you're saying the judge has the authority to grant relief that's not been prayed for? Yes, Your Honor, I do. It happens in many foreclosure cases, or cases in general. If the response of pleading is not in the file in the time that it's supposed to, I believe the judge, by their own court order, can enter a default order. Interesting. Thank you. Your Honor, because I have some time left, I'd like to also talk about two of the issues that were not brought up in the appellant's argument. First, they argued in their brief that the homeowner's notice were not attached to the summons, and therefore the complaint should be struck for that. However, there was an affidavit of service filed by the plaintiff that indicates that the homeowner's notice was served upon the defendant. The defendant never filed an affidavit supporting this allegation. We know that because the defendant's attorney stated on the record, I could have, yes, maybe, perhaps, should have obtained an affidavit from the client stating that he had not received it. I'll read that again. We know that because the defendant's attorney stated, I could have, yes, maybe, perhaps, should have obtained an affidavit from my client stating that he had not received the homeowner's notice. She says, had not received it, but that's what it was in response to. And actually, there's actually no evidence showing the record that indicates that the defendant did not properly receive the homeowner's notice. We know this because the judge also stated on the record that the reason that I have not or did not grant your motion to reconsider to that point was you have not at any stage of this given me an affidavit, given me evidence that your client did not receive the notice. So again, to sum, plain and file an affidavit stating that the homeowner's notice had been served upon the defendant, the defendant argues that the defendant never received the notice, however, never produces an affidavit. In conclusion, Judge, the defendant, Ken Johnson, entered into a mortgage with Auto Savings Bank. He failed to make time effect payments. He has not made even one payment in over a year, probably over two years now. The plaintiff, Auto Savings Bank, filed a foreclosing action in 2011. No payments have been made during the pendency of this action. The plaintiff received a default order against the defendant and the court entered a judgment foreclosure, confirmed the sale. The defendant's attorney argued continuously during each and every step of the proceeding and has lost on virtually every motion he has filed. The defendant vacated the properties many months ago. The defendant has raised two issues today and four in her brief. All four of them should fail because there is not evidence that any of those issues were in fact... There was never any error by the court regarding any of those four issues. The defendant has also spoken many times about substantial justice and no prejudice to the plaintiff. However, Auto Savings Bank, every day that a case is continued, they have to pay additional interest, additional insurance. How can there be no prejudice to the bank when someone asks for a continuance many times over and over again past the date that they are supposed to file their pleadings? Further, how can substantial justice not be done when a bank that has, again, not received a payment in at least two years receives a default order when the defendant has not even bothered to file a pleading in a timely fashion? Based on those arguments, Your Honors, I believe that the trial court default order should be affirmed. Thank you. Thank you, Mr. Cohen. Ms. Crowell, any rebuttal? May it please the Court again. First of all, I would like to point out that in the brief of the appellee, page 6, in the beginning of the first paragraph, the third paragraph down, I'm addressing the mailbox rule issue. It states here the court order of January 13 required the defendant to file an answer or a response to a pleading by February 14, 2012, of which he did not do. There could be some discussion, Your Honor, as to what the actual due date of the pleading was based on that January 13 order. When I read the statute of statutes, which is 5 ILCS 7-1-1.1, it says you do not count the first day and you're allowed the time period of including that last day. So giving that 28 days counting period, it brings me to the due date being February 11, which is a Saturday. Then there was a Sunday. Then there was a court holiday. The very next day was the date that the court was in session. Although I don't believe that I directly addressed the Harrisburg Raleigh or the mailbox rule in my appellate brief, whether I did or not, it was definitely argued at the trial court level in both the motion to consider and the motion to vacate and that our pleading should be allowed pursuant to the mailbox rule. Again, opposing counsel had notice of them. The court had noticed the pleading had been prepared. There was due diligence on the part of the defendant in preparing and addressing those motions and attempting to send that through the mail. And the mailbox rule merely recognizes the loss of control that attorneys have when the pleadings leave our hands. And especially, I think, Your Honor, in a case where we are showing that the plaintiff had notice of that pleading, there was no prejudice. So for the reasoning behind the granting the default judgment. Again, default judgment, no notice, no motion, no affidavits, no proof of service. The case continued to go bad from there as far as the housing information sheet and the affidavit. The IMFL requires that a homeowner's notice be attached to a summons. There's no summons on file that has a homeowner's notice attached to it. There's no summons that has a proof of the date or time of service. There is a affidavit of service filed almost, I believe, eight months after the complaint was filed which reports that it served Mr. Johnson and states that it had attached to the complaint a housing information sheet which is not what's required to be attached to the complaint under the Illinois mortgage foreclosure law. Again, there was such a myriad of issues here, Your Honor. We don't have a correct common address on the majority of the properties. There was no notice of sale. There was incorrect publication of legal addresses. We've got one property that's off of Route 71 and another property that's off of Route 23. One of the properties is north of I-80 and one of the properties is south of I-80. Was that a sufficient amount of notice to allow for somebody to bid at a confirmation of sale? I stand before you unable to address all the issues necessary. Again, a drastic measure, default judgment, a drastic means to take someone's property on the basis of debts that are owed. Therefore, we submit that Mr. Johnson and in this case without notice, motion, service and in this case we submit that given the multitude of issues, Mr. Johnson did not have access to justice and opportunity for justice, was not afforded due process, justice was not done and the decision of the circuit court should be reversed and the matter remanded to allow the case to be heard on its merits. Thank you for your time. Thank you, Mr. Kroll, and thank you both for your argument today. We will take this matter under advisement and get back to you with a written disposition within a short day. And we'll now take a recess for lunch. Okay. I think a couple of cases were continued.